CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
8/23/2018
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DIANA L. GOINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:16-cv-00056 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, | ) | By: Hon. Jackson L. Kiser |
| Acting Commissioner, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I grant the Commissioner's Motion for Summary Judgment [ECF No. 21], denying Plaintiff's Motion for Summary Judgment [ECF No. 18], and affirm the Commissioner's decision. The R&R was filed on January 24, 2018 [ECF No. 25], and Plaintiff Diana L. Goins filed objections on February 7 [ECF No. 26]. The Commissioner responded [ECF No. 27], and the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's objections and grant the Commissioner's Motion for Summary Judgment.

I. **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On December 7, 2012,[1] Plaintiff filed an application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act ("the Act") and supplemental security income pursuant to Title XVI of the Act. See 42 U.S.C. §§ 401–33; 1381–1383f (2016). (R. 212–215.) In her application, Plaintiff alleged that she had been disabled since February 4, 2012, due to a combination of: low back pain; left leg pain; shoulder pain;

---

[1] There is some discrepancy in the Record as to when Plaintiff's application was filed: December 5 or December 7. Resolution of this discrepancy is immaterial.

anxiety; depression; low back pain radiating into her left leg and knee; left arm pain; significant difficulty using her left arm; neck pain; and bilateral shoulder pain. (See, e.g., R. 90.) The Commissioner denied Plaintiff's claims initially on August 14, 2013, and again upon reconsideration on April 17, 2014. (See R. 90–139.)

Plaintiff requested a hearing before an Administrative Law Judge and, on September 1, 2015, Plaintiff appeared with her attorney before Administrative Law Judge Marc Mates ("the ALJ"). (R. 591–615.) Both Plaintiff and a vocational expert, Dr. Andrew V. Beale, testified. (Id.) In a written decision dated October 27, 2015, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 72–84.) He found that Plaintiff suffered from left shoulder difficulty status-post rotator cuff injury, degenerative disc disease, and obesity, all of which qualified as serious impairments. (R. 74–76 (citing 20 C.F.R. §§ 404.1520(c) & 416.920(c)).) The ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 76–77 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 & 416.926).)

After consideration of the entire Record, the ALJ concluded that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) & 416.967(b), with some limitations. (See R. 77–82.) The ALJ determined that Plaintiff was unable to climb ladders, ropes, or scaffolds, but that she could perform other postural activities, such as bending and stooping, on an occasional basis. Additionally, he limited Plaintiff to occasional overhead reaching and pushing/pulling with her left arm. (R. 77.) Although he determined that Plaintiff could not perform her past relevant work, he did conclude that Plaintiff could perform jobs that existed in significant numbers in the national economy, such as cashier or laundry sorter. (R.

83–84 (citing 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969 & 416.969(a).)  Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act.  (R. 84.)  The Appeals Council denied Plaintiff's request for review (R. 1–4), and the decision of the ALJ became the final decision of the Commissioner on September 29, 2016.  (Id.)

On November 20, 2016, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner.  (Compl. [ECF No. 2].)  Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration.  Plaintiff filed a Motion for Summary Judgment on July 21, 2017 [ECF No. 18], and the Commissioner filed a Motion for Summary Judgment on August 21, 2017 [ECF No. 21].  On January 24, 2018, Judge Hoppe filed his Report and Recommendation ("R&R"), recommending that I deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the decision of the Commissioner.  (R&R, Jan. 24, 2018 [ECF No. 25].)  On February 7, Plaintiff filed her objections to the R&R.  (Pl.'s Obj., Feb. 7, 2018 [ECF No. 26].)  The Commissioner responded on February 9 [ECF No. 27], so the matter is now ripe for review.

## II. STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner.  I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard.  See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  In other words, the substantial evidence standard is satisfied by producing more than a scintilla but

less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

### III. DISCUSSION

Plaintiff makes three objections to the ALJ's decision, which she couches as an objection to the Magistrate Judge's recommendation. First, she takes issue the ALJ's rejection of Dr. Jones's medical opinion. Second, she believes the ALJ erroneously concluded that Plaintiff was not entirely credible. Third, she contends that Magistrate Judge erred in concluding that the ALJ's residual functional capacity ("RFC") determination was supported by substantial evidence. Her objections are addressed in turn.

A. Dr. Jones's Opinion

Plaintiff first objects to the ALJ's rejection of her treating physician's opinion as to her degree of limitation. Under the applicable regulations, a treating physician's opinion is traditionally afforded "controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). When there is "persuasive contrary evidence," and if the ALJ gives "good reasons" that are supported by the record, the ALJ may give a treating physician's opinion less weight. Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Among the factors that an ALJ may consider in deciding whether to afford a treating physician's opinion less than controlling weight are the consistency of his or her opinion with the record as a whole and whether the treating physician's opinion pertains to his or her area of specialty. See 20 C.F.R. §§ 404.1527(c)(2)–(5), 416.927(c)(2)–(5).

In his decision, the ALJ accurately and thoroughly reviewed Plaintiff's medical history, including her treatment relationship with Vincent Jones, M.D. Plaintiff takes no issue with the accuracy of this recitation. The ALJ also concluded that Plaintiff's treatments, with Dr. Jones and others, had been "conservative and routine, with minimal objective findings." (R. 81.) Plaintiff does not object to that statement, either. The ALJ concluded that "the relatively benign objective findings, the limited degree of treatment the claimant has received, her ability to engage in a range of activities of daily living with little to no accommodations regarding her impairments, and the opinion of the DDS reviewing physicians support a residual functional capacity for a range of light work." (R. 82.) Despite these conclusions, which Plaintiff does not

assert are incorrect or flawed in any way, Plaintiff objects to the conclusion that Dr. Jones's opinion should be afforded "little weight."

In his opinion, when read as a whole, the ALJ supports his conclusion to reject Dr. Jones's opinion that "[t]he possibility of Diana Goins holding employment ever is impossible," (R. 483), and Dr. Jones's conclusion that Plaintiff is more limited than the ALJ determined (see R. 577). When asked "[w]hat medical/clinical findings support your conclusion" that Plaintiff is as limited as he asserts, Dr. Jones replied with only a rote recitation of her diagnoses, and failed to offer any support for his conclusion. Coupled with the routine and conservative treatment, as well as the lack of support in his own records for the asserted limitations, there is substantial evidence to support the ALJ's conclusion. For example, when discussing Plaintiff's treatment history, the ALJ noted:

> The medical records reveal that medications have been relatively effective in controlling her physical and mental health symptoms. The claimant's radiology studies do not show significant abnormalities. Despite alleging significant functional limitations, repeated physical examinations have failed to reveal significantly decreased strength, sensation, or range of motion of any extremity, as would be expected with the degree of limitation alleged. In addition, no surgery has been recommended. Furthermore, the conservative treatment recommendations, including physical therapy and exercise recommendations[,] tend to suggest impairments not disabling in severity. The claimant is in reasonably good health and the record as a whole does not establish that she is so limited that she cannot work at all.

(R. 81–82.) Although Dr. Jones is not mentioned by name in that paragraph of the ALJ's decision, it is clear that these conclusions, specifically the reference to Plaintiff's ability to "work at all," directly address Dr. Jones's opinion. A review of the ALJ's decision reveals that he adequately supported his decision to give Dr. Jones's opinion little weight, and that opinion is

- 6 -

Case 4:16-cv-00056-JLK-JCH   Document 28   Filed 08/23/18   Page 6 of 10   Pageid#: 768

supported by substantial evidence. The decision to reject Dr. Jones's functional limitations was not in error.

### B. Plaintiff's Credibility

Plaintiff next asserts that the Magistrate "erred in finding the ALJ's credibility determination is legally adequate and supported by substantial evidence." (Pl.'s Obj. pg. 3.)

A claimant's subjective complaints are evaluated in two steps. First, "there must be documentation by objective medical evidence of the presence of an underlying impairment that would reasonably be expected to cause the subjective complaints of the severity and persistence alleged." Tune v. Astrue, 760 F. Supp. 2d 555, 561–62 (4th Cir. 2011). If such an impairment is established, "the fact finder proceeds to the second step: consideration of the entire record, including objective and subjective evidence, to assess the credibility of the severity of the subjective complaints." Id. at 562 (citing Craig v. Chater, 76 F.3d 585, 591–96 (4th Cir. 1996)). Social Security Ruling 16-3p provides further guidance:

> In evaluating an individual's symptoms, it is not sufficient for our adjudicators to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." It is also not enough for our adjudicators simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

SSR 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017).

Here, the ALJ appropriately included his rationale for deeming Plaintiff's subjective statements less than credible. For example, he noted that, although Plaintiff complained of neuropathy in her hands, "she required no significant treatment" for that ailment and

Case 4:16-cv-00056-JLK-JCH   Document 28   Filed 08/23/18   Page 7 of 10   Pageid#: 769

"examinations revealed no significant loss of sensation due to neuropathy." (R. 75.) Moreover, Plaintiff "initially denied any problems with reaching overhead or use of her hands, though under direct questioning, she said that she had difficulty reaching and intermittent tingling in her hands." (Id.) Additionally, although physical therapy was recommended, Plaintiff did not attend physical therapy for her alleged symptoms. (Id.) Finally, the ALJ noted that her treatment notes indicated that Plaintiff "had constant multiple complaints with no physical evidence." (R. 79.) Plaintiff's conservative treatment, adequately outlined by the ALJ, along with the discrepancies in her testimony and the dearth of medical support for her claimed symptoms, represent substantial evidence for the ALJ's decision to afford her subjective complaints little weight.

Plaintiff cites to Brown v. Commissioner of Social Security, 873 F.3d 251, 270 (4th Cir. 2017), for the proposition that the ALJ "failed to consider the difference between a person's being able to engage in sporadic physical activities and her being able to work eight hours a day five consecutive says of the week." Id. (quoting Carradine v. Barnhart, 360 F.3d 751, 755 (7th Cir. 2004)). She contends the ALJ's recitation of Plaintiff's daily activities is not sufficient to undermine her credibility. I do not read the ALJ's opinion as relying exclusively, or even primarily, on Plaintiff's self-reported activities of daily living as grounds to find her less than credible. As stated above, the is substantial evidence, outside of Plaintiff's daily activities, to find that her subjective complaints of disabling pain and limitations are not consistent with the objective medical evidence.

Finally, Plaintiff says that the ALJ's decision is contradicted by the evidence. (Pl.'s Obj. pg. 5.) Obviously there is contradictory evidence in the Record. But it is not my job to "undertake to re-weigh conflicting evidence . . . ." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). If substantial evidence

supports the ALJ decision, even in the face on contradictory evidence, the ALJ's decision is to be affirmed. Here, there is substantial evidence to support the ALJ's conclusion, and his decision that Plaintiff's subjective complaints of pain were not entirely credible was proper.

### C. The ALJ's Residual Functional Capacity Determination

Plaintiff's final objection is to the Magistrate's conclusion that the ALJ's residual functional capacity ("RFC") determination is supported by substantial evidence. She contends that relying on the state agency reviewers' determination was improper, as they "provided opinions prior to the inclusion of substantial evidence in the record. These physicians did not have the opportunity to review all of the evidence in the record and consequently, their opinions may have changed if they had been able to review all of the evidence of record." (Pl.'s Obj. pgs. 6–7.) Despite the objection, Plaintiff makes no mention of what evidence was not available to the reviewing physician's or how it would have changed their opinions. Cf. Brown v. Comm'r of Soc. Sec., 969 F. Supp. 2d 433, 446–47 (W.D. Va. 2013) (discussing new and material evidence) (citing Meyer v. Astrue, 662 F.3d 700, 704–05 (4th Cir. 2011)). She echoes her complaint about rejecting Dr. Jones's opinion but, as discussed above, that decision was not in error. Absent some factual support for her objection, I find it difficult to understand the nature of the alleged error.

In discussing the state agency reviewers' opinions, the ALJ actually only afforded their opinions partial weight, ultimately finding Plaintiff was *more* limited than the reviewers opined. (See R. 82.) The ALJ found that, although the expert opinions were "balanced, objective, and consistent with evidence of record," Plaintiff is "further limited to occasional pushing/pulling with the left upper extremity, to afford her the maximum benefit, given the weight of the evidence as a whole." (Id.) Based on the ALJ's decision, he considered all of the evidence in

arriving at his RFC determination.  As that determination is his to make, not the experts', there is no cause to upset his determination because someone else's opinion *may* have changed.  Plaintiff does not contend that the ALJ failed to consider "all of the evidence in the record . . . ." (Pl.'s Obj. Pg. 7.)  Because the ALJ did consider all the evidence, see <u>Reid v. Comm'r of Soc. Sec.</u>, 769 F.3d 861, 865 (4th Cir. 2014) (citing <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1173 (10th Cir. 2005)), there was no error in relying partially on the state agency reviewers' opinion.  The objection will be overruled.

## IV.  CONCLUSION

The ALJ's decision is support by substantial evidence.  I have reviewed the remainder of the ALJ's opinion for clear error.  Finding none, the R&R will be adopted and the Commissioner's Motion for Summary Judgment will be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

**ENTERED** this 23rd day of August, 2018.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE